FILED

2020 FEB -3 AM 9: 03

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| VIVIAN ULLOA MCCURDY, | ) | Civil Case No. CV0632-17 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **DECISION AND ORDER** (Motion to Exclude or Preclude Testimony of Vivian McCurdy) |
| CHAMORRO EQUITIES, INC, | ) ) | |
| Defendant. | ) ) | |

## INTRODUCTION

This matter is before the Honorable Anita A. Sukola on Defendant Chamorro Equities, Inc.'s ("CEI") Motion to Exclude or Preclude Testimony of Vivian McCurdy. Attorney Daniel J. Berman represents CEI. Attorney Jacqueline T. Terlaje represents Plaintiff Vivian Ulloa McCurdy ("Vivian"). For the reasons set forth below, the Court **GRANTS** CEI's Motion.

## BACKGROUND

Vivian filed the Complaint in this matter on July 3, 2017. In the Complaint, Vivian alleges that her sister Lucy P. Ulloa ("Lucy") is the owner of a residence in Agana Heights ("Agana Heights Residence"). Compl. ¶¶ 4, 6. Vivian further alleges that, toward the end of her life, Lucy was subject to guardianship proceedings and a guardianship over her person continued from the initial appointment in 2005 until Lucy's death in 2014. *Id.* at ¶ 9.

ORIGINAL

Page 1 of 4

Vivian alleges that Lucy and their other siblings: Esther Thompson, Priscilla Hartwick, Alvin Ulloa, Paul Ulloa, George Ulloa, and Vivian McCurdy, were the shareholders of CEI in 1987. *Id.* at ¶ 13. Lucy owned approximately 108,300 shares in CEI. *Id.* at ¶ 10. Additionally, the shareholders allegedly agreed that each sibling would receive a dividend of three hundred seventy-five thousand dollars ($375,000.00). *Id.* However, in lieu of a cash dividend, Vivian alleges CEI agreed to convey separate portions of Lot 3307 to Paul D. Ulloa and Lucy for each to construct a home ("the Shareholder's Agreement"). *Id.* Vivian alleges the other sibling-shareholders, besides Lucy and Paul, received the cash dividend. *Id.* at ¶ 12.

CEI allegedly reaffirmed the Shareholder's Agreement, and that Lucy owned the Agana Heights Residence, in March 1990 during an Annual Meeting, and again in October 2011 by Resolution of its Board of Directors and Consent to Action without Meeting. *Id.* at ¶ 17-18. Vivian next alleges that on October 13, 2013, CEI, purportedly in accordance with the Shareholders Agreement with Paul, conveyed and transferred real property to Walter D. Ulloa and Frederick M, Ulloa, as the Co-Guardians of the Person and Estate of Paul Ulloa. *Id.* at ¶ 19. Finally, Vivian alleges that as an heir of the Estate of Lucy, she is entitled to partial ownership of the Agana Heights Residence. *Id.* at ¶ 24.

Vivian suffered a stroke in October 2018. Berman Decl. ¶ 11 (Jan. 14, 2019). For this reason, Vivian was unable to sit for her scheduled deposition on December 11, 2018. *Id.* On January 14, 2019, CEI filed its Motion to Exclude or Preclude Vivian McCurdy from Testifying Re: Failure to Attend Deposition. The CVR 7.1 Form 1 which accompanied the Motion stated that the Opposition brief was due on February 11, 2019. No Opposition brief was filed. Trial is scheduled to begin on February 3, 2020.

The Court held a Motion Hearing on January 31, 2020. At the Motion Hearing, Vivian's counsel informed the Court that she had no intention of calling Vivian as a witness, but that the Motion was not moot due to CEI's request for attorney fees and costs in connection to the filing of the motion. The Court thereafter took the matter under advisement.

## DISCUSSION

Rule 37 of the Guam Rules of Civil Procedure provides, in relevant part, that if a party fails to attend his or her own deposition, after being served with proper notice, the Court on motion may make such orders in regard to the failure as are just, including any action authorized under Rule 37(b)(2)(A)-(C). *See* Guam R. Civ. P. 37(d)(1). Further, Rule 37 provides that "[i]n lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Guam R. Civ. P. 37(d).

Vivian's counsel informed the Court that she does not intend to call Vivian as a witness, essentially mooting CEI's motion. Nonetheless, the Court grants CEI's motion and orders that Vivian cannot be called as a witness. Further, Vivian's counsel may not introduce as evidence any declaration from Vivian from any date after December 11, 2018, when Vivian did not sit for her scheduled deposition.

Vivian did not oppose CEI's motion and instead informed CEI and the Court that she had no intention of calling Vivian. There was no need for full briefing or a motion hearing on the merits. For this reason, the Court finds that an award of attorney fees and/or costs is not justified

## CONCLUSION

For the reasons above, the Court **GRANTS** CEI's Motion to Exclue or Preclude Vivian McCurdy from Testifying. The Court does not award attorney fees or costs at this time.

SO ORDERED, this ___3___ day of _____Feb 2020_____.


_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVED VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
T. Terlaje;
Berman O'connor Mann
Date: 2/3/20 Time: 9:05pm
for
, Superior Court of Guam